UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GINA ANNE STEIN,

                           Plaintiff,

                                                                Case # 15-CV-6753-FPG

v.

                                                                  DECISION AND ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.
_____

      Gina Anne Stein ("Stein" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her application for disability insurance benefits ("DIB") under Title II of the Act. ECF No. 1. This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

      Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 11, 12. For the reasons stated below, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards. Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

      On April 16, 2012, Stein applied for DIB with the Social Security Administration ("the SSA"). Tr.[1] 230-36. She alleged that she had been disabled since January 8, 2002, due to bipolar disorder and depression. Tr. 316. After her application was denied at the initial administrative level, a hearing was held via videoconference before Administrative Law Judge

---

[1]     References to "Tr." are to the administrative record in this matter.

William M. Manico ("the ALJ") on May 15, 2014, in which the ALJ considered Stein's application *de novo*. Tr. 89-139. Stein appeared at the hearing with her attorney and testified. *Id.* Stephen P. Davis, a vocational expert ("VE"), also appeared and testified. Tr. 129-39. On August 11, 2014, the ALJ issued a decision finding that Stein was not disabled within the meaning of the Act. Tr. 18-32. On October 20, 2015, that decision became the Commissioner's final decision when the Appeals Council denied Stein's request for review. Tr. 1-7. Thereafter, Stein commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.     District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II.      Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must

present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Stein's claim for benefits under the process described above. At step one, the ALJ found that Stein had not engaged in substantial gainful activity since the alleged onset date. Tr. 20. At step two, the ALJ found that Stein has the following severe impairments: bipolar and anxiety disorders, depression, and attention deficit disorder ("ADD"). Tr. 20-21. At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 21-22.

Next, the ALJ determined that Stein retained the RFC to perform a full range of work at all exertional levels but with nonexertional limitations. Tr. 22-31. Specifically, the ALJ found that Stein can perform unskilled work with simple instructions where interactions with others are routine, superficial, and incidental to the work performed; cannot interact with the public, work in close proximity to more than 10 people, or perform fast paced assembly work; and needs a break every two hours. Tr. 22.

At step four, the ALJ noted that Stein has no past relevant work. Tr. 31. At step five, the ALJ relied on the VE's testimony and found that Stein can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 31-32. Specifically, the VE testified that Stein could work as a hand packager

and shipping and receiving weigher. Tr. 32. Accordingly, the ALJ concluded that Stein was not "disabled" under the Act. Tr. 32.

**II.     Analysis**

Stein argues that remand is required because the RFC determination is not supported by substantial evidence.[2] ECF No. 11-1, at 34-36. Specifically, Stein contends that the RFC determination is improper because it was based on raw medical evidence and the ALJ's lay opinion. *Id.* The Commissioner maintains that the RFC determination is supported by substantial evidence because the ALJ "extensively" and "thoroughly" discussed and reviewed the medical evidence and Stein's alleged symptoms. ECF No. 12-1, at 23-26.

"[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted). Even though the Commissioner is empowered to make the RFC determination, "where the medical findings in the record merely diagnose the claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities," the general rule is that the Commissioner "may not make the connection" herself. *Id.* (citation and alterations omitted); *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010) ("Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error.") (citations omitted); *Jermyn v. Colvin*, No. 13-CV-5093 (MKB), 2015 WL 1298997, at *19 (E.D.N.Y. Mar. 23, 2015) ("[N]one of these medical sources assessed

---

[2]     Stein advances other arguments that she believes require reversal of the Commissioner's decision. ECF No. 11-1, at 21-34, 38-40. However, because this Court disposes of this matter based on the improper RFC determination, those arguments need not be reached.

Plaintiff's functional capacity or limitations, and therefore provide no support for the ALJ's RFC determination."). Depending on the circumstances, however, like when the medical evidence shows only minor physical impairments, "an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment." *Wilson*, 2015 WL 1003933, at *21 (citation omitted).

Here, the only medical opinion of record was provided by treating psychologist Lynn Lambert, Psy.D. ("Dr. Lambert"). Tr. 597-601. Dr. Lambert opined that Stein is "seriously limited" in her ability to carry out very short and simple instructions, accept instructions, respond appropriately to criticism from supervisors, and adhere to basic standards of neatness and cleanliness. Tr. 599-600. Dr. Lambert also opined that Stein is "unable to meet competitive standards" in the following areas: remembering work-like procedures; maintaining attention for a two hour segment; maintaining regular attendance and punctuality; dealing with normal work stress and the stress of semiskilled and skilled work; interacting appropriately with the general public; and maintaining socially appropriate behavior. *Id.* Dr. Lambert further opined that Stein has "no useful ability to function" in the following areas: completing a normal workday and workweek without interruptions from psychologically based symptoms; performing at a consistent pace without an unreasonable number and length of rest periods; responding appropriately to changes in a routine work setting; understanding, remembering, and carrying out detailed instructions; and setting realistic goals or making plans independently of others. *Id.*

The ALJ summarized part of Dr. Lambert's opinion in his decision and concluded that it was entitled to "partial weight to the extent of the RFC." Tr. 26-27, 29-30. Regardless of whether it was proper for the ALJ to discount this opinion, the ALJ's rejection of the only medical opinion in the record created an evidentiary gap in the record requiring remand. *Zayas*

*v. Colvin*, No. 15-CV-6312-FPG, 2016 WL 1761959, at *4 (W.D.N.Y. May 2, 2016) (citing *Wilson*, 2015 WL 1003933, at *21 and *House v. Astrue*, No. 5:11-CV-915 (GLS), 2013 WL 422058, at *4 (N.D.N.Y. Feb. 1, 2013) (the ALJ's proper rejection of the treating physician's opinion nonetheless necessitated remand because the absence of any other medical assessment created an evidentiary gap in the record)).

The remainder of the ALJ's decision merely summarizes the medical evidence and Stein's testimony and cites to treatment notes that do not address how Stein's impairments affect her mental ability to perform work-related functions. Tr. 23-31; S.S.R. 96-8p, 1996 WL 374184, at *5-6 (S.S.A. July 2, 1996) ("Work-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting."). Although the ALJ affords "significant weight" to the treatment notes of Sahar Elezabi, M.D. (Tr. 28-30 (citing Tr. 534-40, 602-24)), those records contain only raw medical evidence from each particular visit—*e.g.*, that Stein was "not feeling down" and that her "memory was intact"—and do not assess Stein's ability to engage in competitive work on a regular and continuing basis despite her mental impairments. *See* 20 C.F.R. § 416.945(c) (stating that the SSA will evaluate the claimant's ability to work on a "regular and continuing basis" when assessing his or her mental capacity).

It is unclear to this Court how the ALJ, who is not a medical professional, determined that Stein retained the RFC described above when he discounted the only opinion in the record as to Stein's ability to work. *Dale v. Colvin*, No. 15-CV-496-FPG, 2016 WL 4098431, at *4 (W.D.N.Y. Aug. 2, 2016); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges,

including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor."). Moreover, the ALJ could not "render a common sense judgment" as to Stein's functional capacity without a medical opinion, because Stein has several complicated and longstanding mental impairments including bipolar, anxiety, and depressive disorders, and ADD.  Tr. 20-21; *see e.g.*, *Zayas*, 2016 WL 1761959, at *4; *Holste v. Colvin*, No. 15-CV-582-FPG, 2016 WL 3945814, at *4 (W.D.N.Y. July 19, 2016) (citing *Palascak v. Colvin*, No. 1:11-CV-0592 (MAT), 2014 WL 1920510, at *9 (W.D.N.Y. May 14, 2014) ("Given Plaintiff's multiple physical and mental impairments, this is not a case where the medical evidence shows 'relatively little physical impairment' such that the ALJ 'can render a common sense judgment about functional capacity.'") (citation omitted)).  Accordingly, this Court finds that the RFC is not supported by substantial evidence and that remand is required.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000).  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: December 19, 2016
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court