UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GINA ANNE STEIN,

                        Plaintiff,                Case # 15-CV-6753-FPG

v.                                                        DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

## INTRODUCTION

Gina Anne Stein brought this case to appeal the Social Security Administration's ("SSA") decision to deny her disability benefits. ECF No. 1. On December 19, 2016, the Court granted Stein's motion for judgment on the pleadings and remanded this case for further administrative proceedings. ECF No. 14. Thereafter, the Court entered a Stipulation and Order awarding Stein's attorney $7,100 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 18.

On April 20, 2019, the SSA issued a Notice of Award granting Stein disability benefits and withholding $23,326.25—25 percent of her past due benefits—to pay her attorney. ECF No. 19-4. On June 21, 2019, Stein moved for $23,326.25 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 19. The Commissioner argues that the Court should adjust this award because it conflicts with the fee agreement between Stein and her attorney. ECF No. 23.

For the reasons that follow, Stein's motion is GRANTED, counsel is awarded $23,326.25 in fees, and counsel must remit the $7,100 EAJA fee award to Stein.

1

## DISCUSSION

**I.     § 406(b) and Reasonableness of the Requested Fee**

The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25% boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25% statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. Those factors are: 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

Although the Commissioner does not dispute any of the above factors, the Court has nonetheless reviewed each one to assure that the requested fee is reasonable. As an initial matter, the SSA awarded Stein $93,305 in past due benefits and therefore counsel's request for $23,326.25 in fees represents 25% of the award and does not exceed the statutory cap.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved, because Stein's motion for judgment on the pleadings led the Court to remand this case for further administrative proceedings. As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due benefits and the potential fee award.

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help them make this determination. *See Abbey*, 2019 WL 336572, at *2 (citing *Gisbrecht*, 535 U.S. at 808); *see also Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Here, counsel spent 37.5 hours representing Stein before the Court. ECF No. 19-2 at 2-3. Dividing the $23,326.25 fee requested by 37.5 hours yields an hourly rate of $622.03, which case law indicates is reasonable. *See, e.g.*, *Filipkowski v. Barnhart*, No. 05-CV-01449GLS/RFT, 2009 WL 2426008, at *2 (N.D.N.Y. Aug. 6, 2009) (approving $743.30 hourly rate); *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 324 (S.D.N.Y. 2007) (approving $705 hourly rate); *Whittico v. Colvin*, No. 5:09-CV-907 (FJS/DRH), 2014 WL 1608671, at *5-6 (N.D.N.Y. Apr. 22, 2014) (approving $685.28 hourly rate).

Accordingly, based on all of the above, the Court concludes that the requested fee award is reasonable.

**II.     § 406(a) and the Commissioner's Argument**

As explained above, § 406(b) controls fees for representing a Social Security claimant in federal court. Under § 406(a), an attorney may also obtain fees for representing a claimant in administrative proceedings. *See Gisbrecht*, 535 U.S. at 794; *see also* 42 U.S.C. § 406(a). The United States Supreme Court has explained that the 25% cap described above applies only to § 406(b) fees for representation in federal court and not to § 406(a) fees for representation before

3

the SSA. *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019). In this case, counsel seeks $11,850 in § 406(a) fees from the SSA, but the SSA has not ruled on his fee petition yet. ECF No. 19-2 ¶ 13.

Although the Commissioner agrees that Stein's attorney can seek combined § 406(a) and (b) fees that exceed the 25% cap, he asserts that the fee agreement between Stein and her attorney "is explicit that 25 percent is the most the attorney can receive." ECF No. 23 at 3. Accordingly, the Commissioner requests that the Court make counsel's § 406(b) award contingent upon him seeking a maximum of 25% of past-due benefits under § 406(a) and (b). *Id.*

The Court declines to adopt this approach. As stated, the Supreme Court has held that attorneys can seek combined § 406(a) and (b) fees that exceed the 25% cap. Moreover, the § 406(a) fees that counsel may receive are purely speculative because the SSA has not ruled on his petition yet. To adjust counsel's § 406(b) fee in light of § 406(a) fees that he *might* obtain could result in an overall fee award that is much lower than the 25% cap.

Additionally, the fee agreement between Stein and her attorney explicitly states that "the total fee paid to the attorney may exceed 25% of retroactive benefits, but the client will not be responsible for any fee in excess of 25%; the government will be responsible for such excess." ECF No. 19-5 ¶ 6. Indeed, in his reply brief, counsel states that if the SSA and the Court grant the full fees that he requests, "he will not seek to actually collect more than 25% of the past-due award from [Stein]" because "[t]o do so would be a clear violation of the fee agreement." ECF No. 24 at 2.

Accordingly, for all the reasons stated, the Court will not reduce counsel's requested § 406(b) fee or make his award contingent on any § 406(a) fee that he may receive.

Finally, counsel must refund the EAJA fee award to Stein, which he indicated he intends to do. ECF No. 19-1 at 8; *see Joslyn*, 389 F. Supp. 2d at 457 (noting that if an attorney's fees award is ordered under the EAJA and § 406(b), the lesser of the two awards must be returned to the claimant).

## CONCLUSION

Stein's motion for attorney's fees under § 406(b) (ECF No. 19) is GRANTED and Stein is awarded $23,326.25 in fees. The Court directs the Commissioner to release the funds withheld from Stein's benefits award. After counsel receives the § 406(b) fee, he must remit the $7,100 EAJA fee to Stein.

IT IS SO ORDERED.

Dated: September 16, 2019
      Rochester, New York

                                    HON. FRANK P. GERACI, JR.
                                    Chief Judge
                                    United States District Court